UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

| | |
|---|---|
| In re: | Case No. 10-34091 |
| GINA PAPIA RENDER, | Chapter 7 |
| Debtor. | Honorable Daniel S. Opperman |
| _____/ | |
| TOMMEE E. RENDER, JR., | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 11-3414 |
| GINA PAPIA RENDER, | |
| Defendant. | |
| _____/ | |

OPINION REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DOCKET #16) AND PLAINTIFF'S MOTION FOR RECONSIDERATION/FOR RELIEF FROM JANUARY 3, 2012, ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE (DOCKET #24)

Plaintiff filed a Motion for Reconsideration of this Court's January 3, 2012, Order Dismissing the Plaintiff's Complaint with Prejudice ("Reconsideration Motion"). After the January 3, 2012, Order was entered, this case was immediately closed the same day. This case was later reopened on January 17, 2012, upon the Ex Parte Motion of Plaintiff to Reopen this case for the purpose of allowing the instant Motions to Amend Complaint and for Reconsideration. At the time this case was dismissed, a Motion to Amend Complaint filed by Plaintiff to add Capital Recovery IV, LLC as a plaintiff was pending and remained undecided at the time of dismissal.

1

## Motion for Reconsideration

Pursuant to E.D. Mich. LBR 9024-1(a), a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued, and should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion for reconsideration that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.

Plaintiff asserts that the Court should not have closed this adversary proceeding as a result of the January 3, 2012, Order of Dismissal; but rather, this case was intended by the Court and the parties to remain open and for this Court to specifically address the pending Motion to Amend and the issue of the proper party(ies) in interest to pursue this revocation of discharge action. The Court reviewed the record in this case, specifically the December 21, 2011, hearing, and has determined that the Court did specifically reserve the issue of the pending Motion to Amend. The Court first concludes that the Reconsideration Motion should be granted because the January 3, 2012, Order of Dismissal was intended to reserve the issues of Plaintiff's standing and whether Plaintiff may amend his Complaint to add Capital Recovery IV, LLC to this action.
2

Motion To Amend Complaint

The Sixth Circuit case of *Miller v. American Heavy Lift Shipping, et al.*, 231 F.3d 242 (6th Cir. 2000), supports the conclusion that leave to amend should be generally granted and that the second amended complaint should be deemed to relate back pursuant to Rule 15(c)(2). The *Miller* Court noted that "whether a statute of limitations will be permitted to bar an amended claim turns on whether the amended claim arose out of the same conduct, transaction, or occurrence as that set forth in the original complaint." Keeping in mind *Miller's* statement that "the thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings," and a court "will permit a party to add even a new legal theory in an amended pleading so long as it arises out of the same transaction or occurrence." *Id*. at 248, these motions are routinely granted.

The Court concludes that, under the circumstances, Plaintiff's Motion to Amend Complaint could be granted and could be deemed to relate back to the date of the original complaint filing pursuant to Rule 15(c)(1), because the actions alleged, which Plaintiff asserts provide grounds to revoke Defendant's discharge pursuant to 11 U.S.C. § 727(d)(1), appear to be the same identical actions alleged in Plaintiff's original complaint. The Court notes that the Motion To Amend was filed on December 13, 2011, and was pending at the time the Court heard arguments on the Motion To Dismiss and prior to entry of the January 3, 2012, Order granting the Motion To Dismiss. The only change to Plaintiff's Amended Complaint is the addition of a party plaintiff, Capital Recovery IV, LLC. Thus, Rule 15, made applicable to this adversary

3

proceeding by Federal Rule of Bankruptcy Procedure 7015, may very well be satisfied, but because this case was dismissed prior to expiration of the response period on the Motion To Dismiss, the Court deems it appropriate to allow Defendant the opportunity to file a formal response to that Motion.

**Not for publication**

**Signed on August 10, 2012**

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Daniel S. Opperman
　　　　　　　　　　　　　　　　　　　　　　　Daniel S. Opperman
　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge